## Muller *v.* Rittersville Hotel Company, Appellant.

*Landlord and tenant—Construction of lease—Fixtures—Amuse-
ment park—Caroussel.*

Where the owner of an amusement park leases a casino building
in it for a term of years with the right to repurchase the leasehold
at a sum stated and within a fixed time before the expiration of
the lease, and the lease further provides for a sale to the lessee
of a caroussel in the casino to be paid for in instalments, the
property to be in the lessor until the full amount is paid, and also
provides that the lessee shall build a new caroussel which shall not
be removed without the written consent of the lessor during the
term, and the lessee pays for the old caroussel and builds the new
caroussel, the lessor, on exercising its right to repurchase the
leasehold, cannot claim the new caroussel as appurtenant to the
leasehold, and the lessee has a right to remove it under a provision
of the lease which gives him the right to remove his property at the
end of the term.

Argued Feb. 3, 1913. Appeal, No. 390, Jan. T., 1912,
by defendant, from order of C. P. Lehigh Co., Sept. T.,
1912, No. 24, making absolute rule for judgment for
want of a sufficient affidavit of defense in case of D. C.
Muller & Bro. v. Rittersville Hotel Company. Before

FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Replevin for a caroussel.

Rule for judgment for want of a sufficient affidavit of defense.   Before HEYDT, P. J., specially presiding.

The opinion of the Supreme Court states the facts of the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*A. J. Dewalt,* with him *Reuben J. Butz,* for appellant. —The right to take peaceable possession of the leasehold included the caroussel: Levan v. Wilten, 135 Pa. 61; Summerson v. Hicks, 134 Pa. 566; Hill v. Sewald, 53 Pa. 271; Stopper v. Kantner, 29 Pa. Superior Ct. 48; Lemar v. Miles, 4 Watts 330; Watts v. Lehman, 107 Pa. 106; Kinnear v. Scenic Railways Co., 223 Pa. 390; In re Rodgers & Hite, Inc., 143 Fed. Repr. 594.

*George R. Booth,* with him *H. A. Cyphers,* for appellees, cited: Campbell v. O'Neill, 64 Pa. 290; Catasauqua Bank v. North, 160 Pa. 303.

OPINION BY MR. JUSTICE BROWN, March 24, 1913:

By a writing dated April 24, 1909, the Rittersville Hotel Company, the owner of a park, leased a building in it to the appellees for a term of five years, with the privilege of renewing for a further term of the same duration.   The parts of the writing which are material in passing upon the question involved in this proceeding are as follows: "The lessor hereby agrees to sell to the lessees, and the lessees agree to buy from the lessor the caroussel with all its appurtenances now contained in said casino, and to replace it with another as below mentioned, and the lessees agree to pay for the same the sum of thirty-five hundred dollars ($3500), which shall

be paid as follows: $1,000 at the time of the signing of this contract, which amount is hereby acknowledged; $1,-000 on July 1st, 1909; $1,000 on August 1st, 1909; $500 on August 15th, 1909, the caroussel to be the property of the lessor until the full amount is paid.......In case the lessees wish to change or remove said new caroussel or organ, it shall be done only with the written consent of the lessor.......The lessees hereby grant unto the lessor the right and option of purchasing the aforesaid leasehold, together with all things thereunto belonging or appertaining, on September 15th, 1909, at the price of $5,000, on September 15th, 1910, at the price of $3,500, and thereafter at the price of $2,000.......At the end of said term the lessees may remove their property from the demised premises, but shall do so without doing any damage thereto." The appellees took immediate possession of the casino building, paid for the caroussel and installed a new one in accordance with the terms of the agreement.   On September 15, 1910, the appellant notified the appellees that it would exercise its option to purchase the leasehold for $3,500, and made a tender to them of that sum, demanding at the same time that they execute and deliver to it a bill of sale for the caroussel which it had sold to them.   The appellees refused to execute the bill of sale, but agreed to accept the sum tendered and vacate the leased building.   Sometime after September 15, 1911, the appellant twice notified the appellees that it intended to exercise the option given to purchase the leasehold, and on each occasion made a tender of $2,000, coupled, however, with a demand for a bill of sale of the chattels.   These demands having been refused by the appellees, the appellant took possession of the casino building on May 20, 1912, and claimed that the chattels which it had sold to the appellees passed to it as parts of the leasehold when it elected to purchase the same upon the terms stated in the agreement.   Thereupon the appellees brought this replevin for the caroussel and its appurtenances, and

judgment, for want of a sufficient affidavit of defense, was entered against the defendant, on the ground that the caroussel which it had sold to the plaintiffs had not become appurtenant to the leasehold within the meaning of the clause in the agreement giving the lessor the right to repurchase.

The contract or agreement between the appellant and appellees is free from all ambiguity, and was, therefore, for the interpretation of the court below. By the intention of the parties to it, as expressed in it, both are bound; Quoties in verbis nulla est ambiguitas, ibi nulla expositio contra verba fienda est. Two specific matters are the subjects of the agreement—the one the leasing of the building to the appellees; the other the absolute sale to them of the caroussel. Immediately after the clause leasing the building this follows: "The lessor hereby agrees to sell to the lessees, and the lessees agree to buy from the lessor the caroussel with all its appurtenances now contained in said casino, and to replace it with another as below mentioned, and the lessees agree to pay for the same the sum of thirty-five hundred dollars ($3500)." Then follows: "The caroussel to be the property of the lessor until the full amount is paid." After the full amount of the purchase money for the caroussel was paid, it became the unquestioned property of the appellees, and, having become so, the lessors gave them permission to remove it from the demised premises at the end of the term. Why such permission, if it was the intention of the parties that the caroussel should form a part of the leasehold, for if, as appellant contends, it did form a part of the same, it would have been a fixture, which would have become the property of the lessor at the end of the term. Again, why the clause providing that the new caroussel should not be removed during the term without the written consent of the lessor? This would not have been inserted if it was the intention of the parties to the agreement that the caroussel was to be a part of the leasehold. This clause was,

in all probability, inserted for the purpose of enabling the lessor to hold the caroussel for any unpaid rent that might accrue during the term. It is needless to say anything further in vindication of the judgment of the court below, unless it be to repeat the following from its opinion directing judgment to be entered against the defendant: "Without going into any extended discussion we are clearly of the opinion that when the plaintiffs paid for the old caroussel it became their property; and that when they bought, paid for, and installed the new caroussel the title thereto remained in them; and that there is no rule of law or construction that made these chattels appurtenant to the leasehold, or made them fixtures to the real estate, so that the title thereto would pass to the defendant and it could hold them as against the plaintiffs." In the face of its plain agreement with the appellees, the appellant unlawfully took possession of their property, for the recovery of which this writ of replevin was issued, and the judgment for want of a sufficient affidavit of defense is affirmed.

Judgment affirmed.